IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 02-cr-03110-02-MDH |
| | ) | |
| JEROME CREIGHTON, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is Defendant's *pro se* motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). (Doc. 373). The government has filed a response stating the motion should be denied because Defendant is not serving an unusually long sentence and the same sentence would be reimposed today. Defendant is serving a life sentence for first-degree murder that statutorily mandates life imprisonment or death. The government further argues the factors pursuant to 18 U.S.C. § 3553(a) do not justify a reduction in sentence. (Doc. 381).

On January 9, 2003, Defendant, along with three co-defendants, were charged in a five-count superseding indictment with crimes relating to a robbery and homicide at a facility at Fort Leonard Wood, Missouri, a base operated by the United States Army. Following a jury trial, Defendant was convicted of murder (Count One), robbery (Count Two), use of a firearm during a crime of violence (Count Three), and conspiracy (Count Four). Defendant received concurrent sentences of life, 180 months' imprisonment, and 60 months' imprisonment on Counts One, Two, and Four, respectively; a consecutive life sentence was imposed as to Count Three. Defendant's convictions were affirmed on appeal. *United States v. Boone*, 437 F.3d 829 (8th Cir. 2006).

1

The government states Defendant is serving a lawfully imposed sentence. His conviction under Count One is based upon murder of a person within the territorial jurisdiction of the United States during the commission of a robbery, under Title 18, United States Code, Section 1111. "Every murder … committed in the perpetration of, or attempt to perpetrate … robbery … is murder in the first degree." 18 U.S.C. § 1111. "Whoever is guilty of murder in the first degree shall be punished by death or by imprisonment for life." 18 U.S.C. § 1111. As argued by the government, there has been no change in law applicable to Defendant's sentence, and there is no gross disparity between the sentence he is serving and the sentence that would be imposed today.

Further, Defendant's life sentence is expressly designated by Congress and is not "unusually long." If Defendant was sentenced today under 18 U.S.C. § 1111, he would still be subject to a sentence of the death penalty or life imprisonment. See *United States v. Simoy*, 2024 WL 641249, at *4 (D. Guam Feb. 16, 2024) (a life sentence for first-degree murder would be the same today).

Since Defendant is statutorily mandated to serve life imprisonment for Count One, under the concurrent sentence doctrine this Court need not consider reducing his other terms of imprisonment because his total sentence is not reduced. Under the "concurrent sentence doctrine," a district court can forego granting relief or resentencing in cases where the error "would not reduce the time he is required to serve or otherwise prejudice him in any way." See *Smith v. United States*, 930 F.3d 978, 980 (8th Cir. 2019); see also *Oslund v. United States*, 944 F.3d 743, 746-47 (8th Cir. 2019) (denying § 2255 relief under concurrent sentence doctrine because movant's sentence would not be reduced by the challenge to one count of conviction); and *Eason v. United States*, 912 F.3d 1122, 1123 (8th Cir. 2019) (same).

Finally, Defendant's dangerousness to the safety of his community, his numerous violations during his time in the BOP and other factors addressed by the government do not favor a reduction of his sentence or an early release.

Wherefore, after careful consideration of the record before the Court, including the arguments contained in the Government's response, the Court hereby **DENIES** Defendant's motion.

**IT IS SO ORDERED**.

DATED: July 29, 2024           */s/ Douglas Harpool*
                               **DOUGLAS HARPOOL**
                               **UNITED STATES DISTRICT JUDGE**